UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENDRICK BROWN,

    Defendant.
_____/

Case No. 11-20159

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S 28 U.S.C § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE [81]**

Pending before the Court is Defendant Kendrick Brown's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 81.) For the reasons stated below, Brown's motion is **DENIED**.

**I.    Background**

This case arises out of a drug deal gone bad. After unsuccessfully attempting to purchase narcotics, Brown and his codefendants engaged in kidnapping to secure repayment of their stolen funds. Ultimately, Brown and his co-defendants were indicted for violating 18 U.S.C. § 1201 and aiding and abetting each other in connection with the kidnapping, along with additional drug related offenses. On January 19, 2012, Brown pled guilty to the kidnapping count, count one, and conspiracy to attempt to possess a controlled substance, count two. On May 1, 2012, the Court sentenced Brown to 180 months in prison. Brown's sentence was below the guideline range. On May 8, 2012, the Court entered its final judgment. (ECF No. 68.)

Brown did not appeal his conviction. On November 11, 2014, Brown filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 72.) The Court found Brown was not eligible for a reduction of his sentence and denied the motion. (ECF No. 77.) On May 8, 2018, Brown filed the instant motion to vacate. (ECF No. 81.) In his motion, Brown argues his pre-plea counsel was ineffective because counsel failed to advise that Brown was purportedly charged under the wrong statute. The Government opposes Brown's motion to vacate on both procedural and merits grounds. (ECF No. 85.) Procedurally, the Government contends the motion should be denied because (1) it is untimely, and (2) Brown procedurally defaulted the issue by failing to pursue a direct appeal. As to the merits, the Government contends that Brown was charged under the correct statute, that Brown even concedes his guilt in his motion, and that Brown fails to demonstrate he received ineffective assistance of counsel. On August 8, 2018, Brown filed a reply brief. (ECF No. 86.) After reviewing the briefing of the parties, the Court finds that an evidentiary hearing is not needed on this matter.

II.     **Standard**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on the motion, Defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"It is well-established that a § 2255 motion 'is not a substitute for direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). And "it is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III.    Analysis

The government contends Brown's motion should be barred as untimely under § 2255(f)(1) because it was filed more than one-year after his judgment of conviction became final. Brown acknowledges his motion was filed six years after his judgement of conviction became final. But Brown claims the untimeliness of his motion should be excused under § 2255(f)(3) in light of the Supreme Court's decisions in *Davila v. Davis*, 137 S. Ct. 2058, 2060, 198 L. Ed. 2d 603 (2017) and *Lee v. United States*, 137 S. Ct. 1958, 1961, 198 L. Ed. 2d 476 (2017). Brown also argues the Court should consider his otherwise untimely motion under § 2255(f)(4) or under principles of equitable tolling because he allegedly did not discover until 2017 that his trial counsel failed to file a direct appeal challenging his conviction. Having reviewed the record in its entirety, the Court agrees with the Government that Brown's motion should be barred as untimely.

Under § 2255(f)(1), Brown was required to file a § 2255 motion asserting his ineffective-assistance-of-counsel claim within one year of the date on which his judgment

of conviction became final. 28 U.S.C. § 2255(f)(1).  Brown did not file a direct appeal. Therefore on May 22, 2012 his conviction became final and his one-year deadline to file a motion under § 2255 began to run. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 427–28 (6th Cir. 2004).  Brown, however, did not file the instant motion until May 9, 2018, almost six years after his judgment became final.  Accordingly, Brown's motion is untimely, and the Court need not address the merits.

Brown's reliance on § 2255(f)(3) to excuse his tardiness is unavailing.  28 U.S.C. § 2255(f)(3) permits federal prisoners to challenge their sentences within one-year after the U.S. Supreme Court (1) announces a "newly recognized" right that affects the prisoner's conviction and/or sentence, and (2) makes that new right retroactive to cases on collateral review. *Id.*  In such cases, the one-year limitation period applicable to § 2255 motions restarts on "the date on which the right asserted in the § 2255 motion was initially recognized by the Supreme Court." *Id.*  Brown claims the Supreme Court's decisions in *Davila* and *Lee* announced newly recognized rights affecting his conviction.  In *Davila* the Court held that the ineffective assistance of post-conviction counsel does not provide cause to excuse the procedural default of ineffective-assistance-of-appellate-counsel claims. *Davila*, 137 S. Ct. at 2060.  And in *Lee*, the Court held that the defendant demonstrated reasonable probability that he would not have pleaded guilty if he had known that it would lead to mandatory deportation, and therefore plea-counsel's erroneous advice as to deportation consequences of defendant's guilty plea prejudiced defendant and amounted to ineffective assistance. *Lee*, 137 S. Ct. at 1961.  Neither of these cases announced a newly recognized right that affect Brown's conviction or sentence.  Thus § 2255(f)(3) does not apply.

Brown's application of § 2255(f)(4) is similarly without merit. Under 28 U.S.C. § 2255(f)(4), "[t]he limitation period shall run from ... the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." "[T]he petitioner bears the burden of proving that he exercised due diligence." *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012). Brown contends July 26, 2017 is the earliest date he could have discovered the facts supporting his motion because that is when he filed a change of address motion with the Court and received the criminal docket sheet from his case. Brown asserts that he did not know an appeal was not filed on his behalf until he viewed the criminal docket sheet and observed that no appeal had been taken.

There are two problems with this argument. First, the issue Brown raises in his motion—whether his pre-plea counsel was ineffective by failing to consider whether Brown's conduct met the statutory elements for kidnapping—does not rely on any facts that were not available at the time of his conviction. In other words, Brown fails to demonstrate that he could not have previously discovered the facts underlying his motion. Second, Brown fails to demonstrate that he exercised due diligence in pursuing his claim in the six years following his conviction. Brown does not allege that he ever attempted to contact the Court or his former counsel about the status of his case. And Brown even submitted a motion for a sentence reduction two years after his conviction became final. In sum, Brown fails to establish that § 2255(f)(4) should apply under the facts and circumstances here.

Finally, Brown is not entitled to equitable tolling of the statute of limitations. "Equitable tolling allows courts to review time-barred habeas petitions provided that a

5

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*, 679 F. App'x 443, 449–50 (6th Cir. 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)). In order to be entitled to equitable tolling, Brown must establish (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* As discussed, Brown has not shown that he has attempted to diligently pursue his rights. Moreover, Brown fails to demonstrate the existence of extraordinary circumstances that prevented him from timely filing this motion. Accordingly, the Court finds that principles of equitable tolling do not excuse Brown's untimeliness.

IV. **Conclusion**

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 motion is **DENIED**, and the Court **DECLINES TO ISSUE** a Certificate of Appealability.

**SO ORDERED.**

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 9, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2020, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager

6