UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEDRICK BROWN, D-1,

    Defendant.

_____/

Case No. 11-20159

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [95]

Defendant Kedrick Brown is currently in the custody of the Federal Bureau of Prisons ("BOP"). This matter is before the Court on Defendant's motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 95.) The Government filed a response in opposition to Defendant's motion (ECF No. 99) and Defendant filed a reply and a supplemental brief (ECF No. 101, 102). The Court has reviewed the record and finds that a hearing is not necessary. *See* E.D. MI L.R. 7.1(f)(1). For the following reasons, the Court DENIES Defendant's motion.

**I.**     **Background**

On January 19, 2012, Defendant pled guilty to kidnapping, in violation of 18 U.S.C. § 1201, and attempt and conspiracy to possess a controlled substance, in violation of 21 U.S.C. § 846. (ECF No. 40.) On May 1, 2012, this Court sentenced Defendant to 180 months imprisonment on the kidnapping charge and 120 months imprisonment on the conspiracy charge, to run concurrently. (ECF No. 68.) Defendant is now incarcerated at Fort Worth Federal Medical Center in Fort Worth, Texas. His projected release date is May 16, 2024.

1

In his present motion, Defendant seeks a reduction of his sentence to time-served, under the authority of 18 U.S.C. 3582(c)(1)(A). He bases his motion on several factors: (1) the failure of the BOP to protect him from COVID-19 and his associated "long-covid" symptoms of shortness of breath, fatigue, and swelling; (2) a belief that he would be sentenced to less time if sentenced today, due to the pandemic; (3) prior time served for which Defendant asserts he was not credited by the BOP; and (4) his success in remaining drug-free and his efforts to pursue education and drug treatment. (ECF No. 95, PageID.501-13.)

The Government opposes Defendant's motion because Defendant chose not to receive the COVID-19 vaccine and because he does not have a medical condition that places him at a higher risk of severe illness or death due to COVID-19. (ECF No. 99, PageID.538, 549-50.) Additionally, the Government argues the § 3553(a) factors do not favor release. (*Id.* at PageID.551-54.)

## II.     Legal Standard

Eighteen U.S.C. § 3582(c)(1)(A)(i) allows district courts to reduce the sentences of incarcerated persons if "extraordinary and compelling reasons warrant such a reduction." To be eligible for a sentence reduction under this section, a defendant must exhaust his administrative remedies, then show that three requirements are satisfied: (1) that "extraordinary and compelling reasons warrant" a sentence reduction; (2) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that the 18 U.S.C. § 3553(a) sentencing factors favor a reduction in sentence. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (citations omitted). When an incarcerated person, rather than the BOP, files a compassionate-

release motion, the court omits the second step. *Id.* at 1108, 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.   Analysis

#### A.   Exhaustion

An inmate may bring a compassionate release motion on his own behalf once he exhausts any available administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Defendant exhausted his administrative remedies. He requested compassionate release from the warden of his facility on March 14, 2022 and filed the present motion over 30 days later. (ECF No.99, PageID.541.) The government does not contest exhaustion. (*Id.*) The Court therefore finds this threshold requirement to relief has been satisfied.

#### B.   Extraordinary and Compelling Reasons and § 3553(a) Factors

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). For instance, an inmate's rehabilitation, standing alone, is not an extraordinary and compelling reason for a sentence reduction. *Id.* at 561 (citing 28 U.S.C. § 994(t)). Courts in this circuit are also prohibited from factoring in non-retroactive changes in the law as well as facts that existed

when the defendant was sentenced. *Id.* at 562. Additionally, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

The Court sympathizes with Defendant, but finds the pandemic-related reasons he presents do not amount to "extraordinary and compelling" reasons for a sentence modification under § 3582(A)(1)(a)(i), given the above-cited Sixth Circuit precedent. *See, e.g.*, *Lemons*, 15 F.4th at 751. Similarly, the Court commends Defendant for his commitment to remaining drug-free and his desire to rejoin his family and build a new life "rooted in the church and community," however this rehabilitation, alone, is insufficient to justify early release. *See Hunter*, 12 F.4th 555, 562. Finally, it does not appear there has been an error in calculating Defendant's sentence or jail-time credit.

Even if these reasons were to be considered "extraordinary and compelling," the Court finds its initial weighing of the § 3553(a) factors at the time of sentencing continues to support the sentence imposed.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 95) is DENIED.

**SO ORDERED**.

Dated: October 3, 2022

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2022, by electronic and/or ordinary mail.

                               s/ Lisa Bartlett
                               Case Manager